## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **VICKI JONES, AS EXECUTOR OF** | § | |
| **THE ESTATE OF GLENDA S. JONES** | § | |
| **AND TRUSTEE OF GLENDA JONES** | § | |
| **FAMILY IRREV TRUST 2/28/94,** | § | **Civil Action No. _____** |
| **PlaintiffS** | § | |
| | § | |
| **Vs.** | § | |
| | § | |
| **ALLIANZ LIFE INSURANCE** | § | |
| **COMPANY OF NORTH AMERICA** | | |
| **AND FIDELITY UNION LIFE** | | |
| **INSURANCE COMPANY,** | | |
| **Defendants** | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Vicki Jones, as Executor of the Estate of Glenda S. Jones and Trustee of Glenda Jones Family Irrev Trust 2/28/94 (the "Plaintiff") files this Original Complaint against Allianz Life Insurance Company of North America ("Allianz") and Union Fidelity Life Insurance Company ("Fidelity") and in support would respectfully show the Court as follows:

### I.   THE PARTIES

1.   Plaintiff, Vicki Jones is the Administrator of the Estate Glenda S. Jones (the "Decedent"). The Decedent was the named insured under a life insurance policy no. 002744868 (the "Policy"). Plaintiff is the Trustee of the Glenda S. Jones Family Irrev Trust 2/28/24 (the "Family Trust").  The Family Trust is the owner and beneficiary under the subject Policy.  Plaintiff is a citizen of the state of Texas and domiciled in Beaumont, Jefferson County, Texas.

2.   Defendant, Allianz Life Insurance Company of North America is a foreign, for-profit insurance company from Minnesota with its principal place of business at 5701 Golden Hills Drive, Minneapolis, Minnesota 55416.  Allianz is licensed to sell insurance in the state of Texas. Allianz

can be served by serving their registered agent via certified mail return receipt requested: at C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3.    Defendant, Union Fidelity Life Insurance Company is a foreign stockholder company authorized to do business in the state of Texas. Fidelity's principal place of business is located at 6100 Sprint Parkway, Suite 3400, Overland Park, Kansas 66211 and can be served by serving their registered agent via certified mail return receipt requested at C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## II.  <u>JURISDICTION AND VENUE</u>

4.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201 because complete diversity exists between the parties, and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs, and Plaintiff seeks declaratory relief pursuant to U.S.C. § 2201, et seq., the Federal Declaratory statute.

5.    This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a) because Defendant is not a citizen of the same state as Plaintiff and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.    Defendants engage in the business of insurance in the state of Texas. The conduct of ALLIANZ and FIDELITY in the State of Texas includes:

       a.    The making and issuing of contracts of insurance, including with the Decedent;

       b.    The taking and receiving the application of insurance, including from the Decedent;

       c.    The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Decedent; and

       d.    The issuance or delivery of contracts of insurance to residents of this State or a person authorized to do business in this state, including the Decedent.

7.  The Decedent is the named insured under the life insurance policies issued by and/or subscribed to by Defendants with a policy limit value (without Riders) of $1,000,000.00. The Policy at issue is identified by policy number 002744868, which was originally issued on August 03, 1988.

8.  Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant issued and delivered an insurance policy to the Decedent in Beaumont, Texas that is the subject of this action.  Defendant is a corporation which is deemed to reside in any judicial district where its contacts would be sufficient to subject it to personal jurisdiction at the time the action is commenced.

### III. <u>STATEMENT OF FACTS</u>

9.  The Decedent is the named insured on a flexible premium universal life insurance policy, number 002744868, issued by Defendants, Fidelity and/or Allianz, which provide certain life insurance coverages and benefits to the Decedent and the Family Trust.[1]

10. Decedent died on January 23, 2023.

11. The Policy was originally issued to the Decedent on August 03, 1988. The Policy has a date of maturity that will become effective on August 03, 2033.

12. The Policy has a face amount limit of $1,000,000.00 payable on the death of the insured, subject to applicable terms, conditions, and exclusions, with an annual premium of $14,848.00 payable in monthly installments of $1,237.28.

13. On or about October 28, 2019, Allianz sent the Family Trust a letter stating the policy did not have sufficient value to pay the monthly premium.  The letter stated that "In order to keep your valuable coverage in force, remit your payment so that it is received … on or before December 3, 2019."  The amount Allianz stated was required to keep the policy from terminating was $8,062.95.

---

[1] Exhibit 1

14. On or about November 19, 2019, the Family Trust paid Allianz $8,062.95 by way of electronic funds transfer ("EFT") from the Family Trust's bank account.  Thereafter, Allianz continued to withdraw the monthly premium of $1,237.28 from the Family Trust bank account via EFT.

15. This action arises from the Defendants' wrongful termination of the Policy on or about December 03, 2019 and the subsequent wrongful denial of reinstatement of the Policy.

## IV. <u>CAUSE OF ACTION: BREACH OF CONTRACT</u>

16. Plaintiff incorporates by reference the above paragraphs as if stated herein more fully.

17. To prevail on a valid breach of contract claim, a plaintiff must prove that 1) there was a valid contract; 2) that plaintiff has performed her obligations under the contract or tendered performance; 3) that the defendant has breached the contract in some manner; and 4) plaintiff has sustained damages as a result of defendant's breach. *See Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29, 36 (Tex.App.—San Antonio 2015, pet. denied).

18. Beginning on August 3, 1988, there was a valid life insurance Policy in place involving Fidelity and/or Allianz, who sold the Policy, the Decedent as the named insured, and the Family Trust as the owner and beneficiary.

19. On or about December 3, 2019 when Fidelity and/or Allianz terminated the subject Policy, the premiums were current.  The Decedent and the Family Trust fulfilled all obligations under the Policy.

20. The Defendants, Fidelity and/or Allianz, breached the subject Policy by wrongfully terminating the Policy even though the premiums were current.  After wrongfully terminating the Policy, Fidelity and/or Allianz continued to collect premium payments from the Decedent and Family Trust.

21. Fidelity and/or Allianz' conduct constitutes a breach of the Policy resulting in damages to the Plaintiff.

## V.    CAUSE OF ACTION: MISREPRESNTATION

22. Plaintiff incorporates by reference the above paragraphs as if stated herein more fully.

23. Fidelity and/or Allianz made material representations to the Decedent and the Family Trust regarding the Policy.  Specifically, in a letter dated October 28, 2019, Fidelity and/or Allianz represented to the Decedent and the Family Trust that the Policy did not have sufficient value to pay the monthly deductions, that the Policy had entered a grace period, and that payment of $8,062.95 before the end of the grace period, or December 3, 2019, would keep the coverage in force.  The letter further stated that "If payment is not received … on or before December 3, 2019, your coverage will terminate effective December 3, 2019."

24. At the time Fidelity and/or Allianz made the representations they knew the representations were false or made the representations recklessly as a positive assertion without knowledge of the truth, specifically that Fidelity and/or Allianz would terminate the Policy whether payment was remitted or not.

25. The Decedent and the Family Trust relied on the representations and submitted payment of $8,062.95 on November 19, 2019 via EFT from the Family Trust's bank account.  Thereafter, Fidelity and/or Allianz continued to withdraw the monthly premium of $1,237.28 from the Family Trust bank account via EFT.

26. Despite remitting the premiums to keep the Policy in force prior to the termination date, Fidelity and/or Allianz wrongfully terminated the Policy.

27. As a result of Fidelity and Allianz' misrepresentations, the Plaintiff suffered damages.

## VI.  **AMBIGUITY**

28. The Policy made the basis of this lawsuit contained patent and latent ambiguities. Specifically, Part 4 concerning premiums paid after the Minimum Premium Period; Part 4 concerning Extra Premiums; and Part 5 concerning the Grace Period contain ambiguities.

## VII.  **DAMAGES**

29. As a direct result Defendants' conduct, Plaintiff has suffered damages.  Plaintiff is entitled to recover all policy benefits pursuant to the subject Policy together with reasonable and necessary attorney's fees, prejudgment and post-judgment interest, and all costs of suit as allowed by law.

## VIII.  **ATTORNEY'S FEES**

30. Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE §§38.001, *et seq*., Plaintiff seeks recovery of reasonable and necessary attorney's fees and court costs.

## IX.  **PRAYER AND JURY DEMAND**

31. Accordingly, the Plaintiff prays that Defendants be summoned to appear and answer herein, and that upon trial hereof, the Plaintiffs have judgment against the Defendants for economic damages, reasonable and necessary attorney's fees, prejudgment and post-judgment interest as allowed by law, costs of suit, and all other relief to which the Plaintiffs may show themselves entitled.  Plaintiffs request a trial by jury.

Respectfully Submitted,

THE BRASHER LAW FIRM, PLLC

By: */s/ Joe Muckleroy*
Clint Brasher
Texas Bar No. 24009915
clint@brasherattorney.com
Nishi Kothari
Texas Bar No. 24087862
nishi@brasherattorney.com
Joseph Muckleroy
Texas Bar No. 24065801
joe@brasherattorney.com
1122 Orleans
Beaumont, Texas 77701
(409) 832-3737 Telephone
(409) 832-3838 Fax
*Attorneys for the Plaintiff*